UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL GREER, JR., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-v-<br><br>CALIBER HOME LOANS,<br><br>Defendant. | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, PAUL GREER, JR. (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through the undersigned attorneys, Marcus & Zelman, LLC against Defendant CALIBER HOME LOANS (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiffs brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of Bergen County in the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a debt collector with its registered office located at CT Corp, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to April 18, 2019, an obligation was allegedly incurred to ACCREDITED HOME LENDERS, INC.

12. The ACCREDITED HOME LENDERS, INC. obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13. The alleged ACCREDITED HOME LENDERS, INC. obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. ACCREDITED HOME LENDERS, INC. is a "creditor" as defined by 15 U.S.C. § 1692a(4).

15. Defendant contends that the ACCREDITED HOME LENDERS, INC. debt is past due.

16. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

17. On or about April 18, 2019, the Defendant caused to be delivered to the Plaintiff a letter ("Letter") in an attempt to collect the alleged ACCREDITED HOME LENDERS, INC. debt. *See* **Exhibit A.**

18. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The Letter stated in part:

    "The outstanding amount of the debt as of the time of this communication is $314,676.88."

    "As of 04/18/2019, your home is 2055 days and $181,267.22 dollars in default."

    "If you have not taken any actions to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you . . ."

21. The Letter is clearly a communication in connection with the collection of a debt.

22. The Letter fails to state that the communication is from a debt collector.

23. Pursuant to the FDCPA, a debt collector is in violation if it fails to disclose in subsequent communications that the communication is from a debt collector. See 15 U.S.C. §1692e(11).

24. In the Eleventh Circuit's decision in *Church v. Accretive Health, Inc.*, 2016 WL 3611543

(11th Cir. July 6, 2016), the Court held that failure to disclose the required language under 15 U.S.C. 1692e(11) is a real harm that has been elevated to the status of a legally cognizable injury through the FDCPA.

25. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLASS ALLEGATIONS

26. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following New Jersey consumer class (the "Class"):  a) All consumers who have an address in Bergen County in the State of New Jersey b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt, d) which fails to state that the communication is from a debt collector (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

27. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

28. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

29. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant's written communications to consumers, in the form attached as *Exhibit A,* violate 15 U.S.C. §§ 1692e.

30. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

31. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

32. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class

5

members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

33. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e** *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(11).

43. The Defendant violated said section by:

    - Sending a collection letter to the Plaintiff which failed to disclose that said communication was from a debt collector.

44. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 18, 2019                                */s/ Ari Marcus*

                                      Ari Marcus, Esq.
                                      MARCUS & ZELMAN, LLC
                                      701 Cookman Avenue, Suite 300
                                      Asbury Park, New Jersey 07712
                                      (732) 695-3282 telephone
                                      (732) 298-6256 facsimile
                                      *Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 19, 2019                                  */s/ Ari Marcus*
                                                                        Ari Marcus, Esq.